**ATTACHMENT B**
**ITEMS TO BE SEIZED**

1. Any and all digital evidence related to violations of 18 USC section 1201, Kidnapping, including, but not limited to:

    a. All documents, to include stored communications, that includes contact information, text messages, call logs, voicemails, Internet searches, photographs, and any other electronic data or other memory features contained in electronic devices and/or SIM cards including correspondence, records, opened or unopened e mails, text messages, chat logs, and Internet history, pertaining to evidence of violations of Title 18 USC 1201(a)(1), Kidnapping;

    b. All records which evidence operation or ownership or use of the electronic equipment or devices, including, but not limited to, correspondence, sales receipts, bills, financial records, tax records, personal photographs, telephone records, notebooks, diaries, reference materials, or other personal items, and registration information for any device;

    c. All computer or electronic device passwords, keywords and other data security devices designed to restrict access to or hide computer software, documentation or data.  Data security devices may consist of hardware, software, or other programming code.  Any password or encryption key that may control access to a computer/phone operating system, individual computer/phone files, or other electronic data;

d. Evidence and contents of logs and files on a computer, electronic device, or storage device, such as those generated by the computer's operating system, which describes the history and use of the device, including but not limited to files indicating when files were written, were opened, were saved, or were deleted. Evidence tending to show the identity of the person using the computer or device at the time any of the electronic evidentiary items were created, sent, received, or viewed. Also, any malware resident on the computer/phone or device;

e. All records, documents and communications regarding travel to include travel arrangements, communications regarding upcoming travel, financial transactions for travel, credit card information, passport pictures, and travel itineraries, Visa applications and research conducted in relation to travel, Visa applications, or foreign travel requirements;

f. Social networking accounts containing messaging or imagery or other evidence of violations or attempted violations of 18 USC § 1201;

g. Photos, images, or video that may document travels that occurred from August 1, 2022, through the time of seizure, and/or or individuals Sarah or HEBER JEFFS had contact with while engaging in travels or arranging travels;

h. Items or files containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized.

i. Location/mapping/GPS data stored on any and all devices;

j. Any items that would tend to establish ownership or use of the items identified in Attachment A;

k. Records of incoming/outgoing phone calls, video calls, text communications, instant messaging applications, or other forms of communication related to violations or attempted violations of 18 USC § 1201;

l. Court Orders or other documentation related to custody or court ordered visitation to include communications with others discussing those Orders;

m. Address books, contact lists, or contact information which identify individuals Sarah or HEBER JEFFS or others possibly communicated with regarding violations of 18 USC § 1201;

n. Internet browser history/searches related to travel routes, kidnapping statutes, visa or entry requirements for other nations, extradition policies, or other searches related to violations, or potential violations of 18 USC § 1201;

o. Any and all files containing birth certificates, images of social security cards, genealogy records, or health records.